IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

      Plaintiff,                              No. CIV S-09-0117 WBS GGH P

    vs.

SACRAMENTO COUNTY SHERIFF, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

        On November 18, 2009, plaintiff filed a motion alleging that he could not file an opposition to defendants' motion to dismiss because he was being denied access to legal materials. On December 7, 2009, plaintiff filed his opposition. Accordingly, plaintiff's November 18, 2009, motion for legal materials is denied.

        On November 23, 2009, the undersigned ordered plaintiff to file within fourteen days a short declaration addressing whether the May 16, 2005, excessive force incident discussed in the original complaint is different from the January 19, 2005, excessive force incident discussed in the amended complaint.

/////

1

1 On January 5, 2009, the undersigned granted plaintiff a twenty day extension of time to respond to the November 23, 2009, order. On January 22, 2009, plaintiff filed a motion with the court stating that he could not respond to the November 23, 2009, order because he has been denied access to legal material including pens and forms. Plaintiff also alleges that he has been denied adequate law library access as well as access to his own personal legal property "witch [sic] meets C.D.C. allowable policies" because he is in administrative segregation.

Plaintiff does not require law library access in order to address whether May 16, 2005, excessive force incident discussed in the original complaint is different from the January 19, 2005, excessive force incident discussed in the amended complaint. In addition, plaintiff's ability to prepare the January 22, 2009, pleading demonstrates that he has sufficient access to legal materials to prepare a response to the November 23, 2009, order.

Plaintiff's access to his legal property may be limited as a result of his placement in ad seg. However, plaintiff only requires access to his original and amended complaints in order to respond to the November 23, 2009, order. Plaintiff's January 22, 2009, pleading does not address the attempts he has made to obtain access to these documents. The undersigned is unwilling to require prison officials to respond to such vague and conclusory allegations of denial of access to legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 18, 2009, motion for return of legal property (no. 33) is denied;

2. Plaintiff's January 22, 2010, motion for return of legal property (no. 38) is denied;

/////
/////
/////
/////

3. Within twenty-one days of the date of this order, plaintiff shall file a response to the November 23, 2009, order; failure to file a response will result in a recommendation of dismissal of this action.

DATED: February 8, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

tu117.ord