IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

        Plaintiff,                  No. 2:09-cv-0117 WBS KJN P

    vs.

SACRAMENTO COUNTY SHERIFF, et al.,

        Defendants.           ORDER AND

                                       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are motions to dismiss filed August 7, 2009, and September 28, 2009, by defendants Sacramento County and Sacramento County Sheriff. Both motions argue that this action is barred by the statute of limitations. For the following reasons, defendants' motions are denied.

        On September 29, 2009, plaintiff filed an opposition to "defendants [sic] motion to dismiss." Although plaintiff does not identify which motion to dismiss his opposition addresses, the opposition is signed August 30, 2009. Accordingly, the undersigned finds that the opposition addresses the August 7, 2009, motion to dismiss. The proof of service attached to the

opposition states that it was mailed on August 30, 2009.  Pursuant to the mailbox rule, the opposition is timely.

On December 7, 2009, plaintiff filed an opposition to the September 28, 2009, motion to dismiss, which this court deems timely in light of the difficulties plaintiff had in obtaining legal materials.  (See November 18, 2009 Motion filed by plaintiff for access to legal materials and the law library.)

On October 1, 2009, defendants filed a reply to plaintiff's opposition.  Defendants argue that plaintiff's opposition fails to address the argument that his claims are barred by the statute of limitations.  Plaintiff apparently mistakenly believed that the motion argued that his complaint should be dismissed on grounds that his claims were not colorable, as his opposition addresses the merits of his claims.  However, in his second opposition, plaintiff argues that he is entitled to tolling, and that his action is not barred by the statute of limitations.

On December 16, 2008, plaintiff filed the original complaint naming Sacramento County as defendant.  Plaintiff alleged that on or about May 16, 2005, four Sacramento County Deputy Sheriffs entered his cell and beat him unconscious.  Plaintiff alleged that his nose was broken, his cheek bone was shattered, his eye socket was fractured, both eyes were blackened and he receive four to six stitches to his face.  Plaintiff alleged that he was told he would receive reconstructive surgery but never received it.

On January 28, 2009, the court dismissed the original complaint with leave to amend. In this order, the court stated that plaintiff had not alleged sufficient facts supporting a claim for Monell liability against defendant.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 659 (1978)("A municipality may be held liable under § 1983 only where an action pursuant to official municipal policy of some nature causes a constitutional tort.")

On April 20, 2009, plaintiff filed the amended complaint on which this action is proceeding.  In the amended complaint, plaintiff alleged that on January 19, 2005, he received a rules violation and had a hearing in Sergeant's Court on that date.  Plaintiff alleged in essence the

1 following conduct. As he got up out of his seat at the hearing, a deputy sheriff restrained him for
2 unknown reasons. Plaintiff was then handcuffed and slapped in the face. The deputy then
3 proceeded to search plaintiff. As the search proceeded, the deputy kicked plaintiff's feet out
4 from under him, causing him to fall. The deputy pulled the handcuffs backwards, causing
5 plaintiff extreme pain. Plaintiff heard a snapping. The deputies then found a pill on plaintiff (his
6 sinus medicine). Plaintiff was then dragged to his cell and thrown inside. After thirty minutes,
7 plaintiff heard someone yell "face down." After plaintiff complied, plaintiff heard deputies
8 entering his cell. They then placed a choke hold on him, squeezing plaintiff's throat so hard that
9 he became unconscious. Plaintiff woke up ten minutes later to find himself sprawled across his
10 cell, naked, and in a pool of blood and vomit.

11 Because the original complaint alleged excessive force occurred on May 16, 2005,
12 and the amended complaint alleged excessive force occurred on January 19, 2005, plaintiff was
13 directed to file a short declaration addressing whether the incidents were the same or different.
14 (November 23, 2009 Order.) After receiving an extension of time, plaintiff filed his declaration
15 on February 4, 2009. In the declaration, plaintiff avers that he suffered excessive force on
16 January 19, 2005, during a cell extraction. (Id. at 3.) He declares it was difficult for him to
17 ascertain the actual date of the excessive force because of the nature of his injuries, his inability
18 to obtain documentary evidence, and the fact that he immediately sought transfer to a different
19 jail based on his fears for his own safety after the alleged beating. (Id. at 3, Original Complt. at
20 2-3.)

21 The statute of limitations in § 1983 civil rights cases is governed by state law.
22 Wilson v. Garcia, 471 U.S. 261, 275 (1985). The statute of limitations in California for personal
23 injury actions is two years from the date of accrual. Cal. Code Civ. P. § 335.1.

24 In addition to applying the forum state's statute of limitations in this context,
25 federal courts also apply the forum state's law regarding tolling when not inconsistent with
26 federal law. Hardin v. Straub, 490 U.S. 536, 537-39 (1989) (in § 1983 actions, the limitations

3

periods are determined with reference both to "the appropriate 'state statute of limitations and the coordinate tolling rules'" [internal citation omitted]). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Id.

Pursuant to Cal. Code Civ. P. § 335.1 and § 352.1, prisoners have four years from the date of the accrual of a cause of action to file a section 1983 action, assuming they have been continuously incarcerated.

A federal cause of action under section 1983 is governed by the relation back provisions of California state law. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). "The statute of limitations does not bar an amended complaint alleging new causes of action if it rests on the same facts as the original complaint and refers to the same accident and same injuries as the original complaint." Goldman v. Wilsey Foods, Inc., 216 Cal. App.3d 1085, 1094 (1989).

At the outset, the court finds that the plaintiff's amended complaint relates back to the original complaint because it is based on an incident of alleged excessive force where four Sacramento County Jail officers entered his cell and allegedly beat him unconscious. Although the original complaint alleges an incident of excessive force on May 16, 2005, plaintiff makes clear in his declaration that the incident of excessive force occurred on or about January 19, 2005. Accordingly, the court considers whether the amended complaint is timely.

The statute of limitations ran from the date plaintiff's claim accrued on January 19, 2005. As discussed above, pursuant to the two years statute of limitations for personal injury

actions, plaintiff had two years from that date to file a timely federal action. Cal. Code Civ. P. § 335.1. It is not clear whether plaintiff was continuously incarcerated from January 19, 2005, to when he filed the amended complaint. Assuming he was continuously incarcerated, plaintiff is entitled to two years of tolling. Cal. Code Civ. P. § 352.1(a), (c). Accordingly, plaintiff had four years from January 19, 2005, to file a timely federal civil rights challenging the alleged excessive force incident that occurred that day. The amended complaint, filed April 20, 2009, relates back to the original complaint filed December 26, 2008, and thus was timely filed. For that reason, plaintiff's claims are not barred by the statute of limitations.

In his declaration, plaintiff seeks leave of court to file a second amended complaint. However, plaintiff did not provide a proposed second amended complaint for the court to review. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915. Since plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it. Plaintiff's motion for leave to amend must therefore be denied.

Plaintiff also seeks leave of court to obtain discovery. Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

In light of the above, IT IS HEREBY ORDERED that plaintiff's February 4, 2010 motion to file a second amended complaint (#39) is denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (## 25 and 28) be denied, and

2. Defendants be directed to answer the amended complaint within twenty days from the date of any order by the district court adopting these findings and recommendations.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3  one days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15  turn0117.mtd