IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, | |
| Plaintiff, | No. 2:09-cv-0117 WBS KJN P |
| vs. | |
| SACRAMENTO COUNTY SHERIFF, et al. | ORDER and |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. He has filed five motions seeking injunctive relief. Three of those motions complain about restricted access to legal materials and the prison law library at California State Prison-L.A. County (LAC), where he is currently housed. See Dkt. Nos. 46, 51 and 52. Two of the motions challenge the adequacy of medical and mental health treatment plaintiff is receiving at LAC. See Dkt. Nos. 55 and 56. He has also filed a motion to compel production of documents. See Dkt. No. 53.

I.      Legal standards for injunctive relief

Although plaintiff styles his motions for injunctive relief in different ways, all of them effectively seek a temporary restraining order, a preliminary injunction, or both. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue

1

without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

II.   Motions concerning access to the prison law library and legal materials

A plaintiff cannot, as a general matter, seek injunctive relief in a case against parties who are not named as defendants in that case.  "Unrelated claims against different defendants belong in different suits[.]"  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010)(providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'")(citations omitted).

1  U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant
2  effective relief in a pending action.  <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d
3  1415, 1422 (9th Cir. 1984); <u>Gon v. First State Ins. Co.</u>, 871 F.2d 863 (9th Cir. 1989).

4          A claim that prison officials are denying an inmate access to the prison law library
5  or his legal materials could, if proven, justify an order in furtherance of the court's ability to
6  adjudicate a particular case.  An inmate has a constitutionally protected right of meaningful
7  access to the courts.  <u>Bounds v. Smith</u>, 430 U.S. 817, 820-21 (1977).  This right includes
8  reasonable access to a legal library.  However, there is no freestanding constitutional right to a
9  law library for prisoners; law library access serves as one means of ensuring the constitutional
10  right of access to the courts.  See <u>Lewis v. Casey</u>, 518 U.S. 343, 350-51 (1996).  "[T]he
11  Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of
12  necessity must regulate the time, manner, and place in which library facilities are used."  <u>Linquist
13  v. Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th Cir.1985).  An inmate is also entitled to
14  adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates
15  must be provided at state expense with paper and pen to draft legal documents, with notarial
16  services to authenticate them, and with stamps to mail them."  <u>Bounds</u>, 430 U.S. at 824-25.

17          A prisoner claiming that his right of access to the courts has been violated must
18  show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused
19  actual injury.  <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make
20  conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim
21  has been frustrated or impeded.  To prevail, however, it is not enough for an inmate to show
22  some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or
23  existing litigation, such as the inability to meet a filing deadline or to present a claim." <u>Lewis</u>,
24  518 U.S. at 348.

25          [T]he inmate... must go one step further and demonstrate that the
        alleged shortcomings in the library or legal assistance program
26          hindered his efforts to pursue a legal claim.  He might show, for

> example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351.

The plaintiff in this case has failed to demonstrate that he has been prejudiced by any restricted access to his materials or the prison library or that any of the relief he presently seeks is essential to preserve the status quo in the underlying action. The docket provides ample evidence that plaintiff is not being unreasonably denied access to the court. Within approximately six weeks plaintiff filed the six motions now under consideration. He has previously filed many other motions in this case and a ten-page opposition to defendants' motion to dismiss, on which he prevailed. Furthermore, he has submitted documentation that the prison returned his property to him on November 20, 2009, and "[plaintiff] signed for it." Mot. at 2 (Dkt. No. 46). Every indication is that plaintiff has been able to prosecute his case zealously. Plaintiff thus does not demonstrate that in the absence of preliminary relief he will imminently suffer irreparable harm, either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to any preliminary relief regarding his access to legal materials or the prison law library. These three motions (Dkt. Nos. 46, 51 and 52) should be denied without prejudice.

4

III.     Motions concerning medical or mental health treatment

        As stated above, plaintiff generally cannot enjoin persons who are not defendants in the underlying action, based on claims that are not set forth in the operative complaint. See George v. Smith, supra. The relief plaintiff seeks in his two motions concerning his medical and mental heath treatment is not relevant to preserving the status quo in the underlying action. Although plaintiff alleges that he suffers from injuries incurred in the pre-trial incident that forms the basis of his underlying complaint, both motions for injunctive relief clearly complain about present conditions at LAC and the attention that the staff there are giving plaintiff's medical needs. Such a complaint presents an entirely new claim (or claims) that, if adequately pled, might be able to constitute a cognizable cause of action for deliberate indifference to a serious medical need in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). But because such a claim would implicate a different set of facts and applicable law, it must appear in a new action, separate from this one. It would also have to be filed in the venue where the allegedly unconstitutional medical treatment occurred or where the proper defendants reside. 28 U.S.C. § 1391.

        In any event, the instant action is not a vehicle for plaintiff to seek redress for claims concerning medical treatment at a place and time wholly separate from the factual setting of this case. Both motions concerning his treatment at LAC (Dkt. Nos. 55 and 56) should be denied without prejudice.

IV.     Motion to compel production of documents

        Plaintiff seeks a motion to compel documents, apparently from non-parties. The motion does not identify the person or entity from whom plaintiff seeks documents, nor does it specify what documents he requires. It is therefore too vague. It is also premature. In order to obtain documents relevant to his claims, plaintiff may avail himself of the tools of discovery, as defined by the Federal Rules of Civil Procedure and this court's recently entered discovery order. Until he has exhausted all good faith efforts to obtain documents through the ordinary course of

discovery, the court will not consider a motion to compel production.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel production of documents (Dkt. No. 53) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for injunctive relief concerning access to legal materials or access to the prison law library (Dkt. Nos. 46, 51 and 52) be denied without prejudice.

2. Plaintiff's motions for injunctive relief concerning medical or mental health treatment at California State Prison--L.A. County (Dkt. Nos. 55 and 56) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-one days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn0117.tro