IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

    Plaintiff,   No. 2:09-cv-0117 WBS KJN P

  vs.

SACRAMENTO COUNTY JAIL, et al.,

    Defendants.   ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action alleging violations of his constitutional rights in Sacramento County in 2005. On May 21, 2010, plaintiff filed a motion. (Dkt. No. 63.) That motion was not signed by plaintiff. Rule 11(a) of the Federal Rules of Civil Procedure require that all documents submitted to this court be signed by the party if not represented by counsel and, if not, the court must strike the filing. Fed. R. Civ. P. 11(a). Because this motion was not signed by plaintiff, the filing must be stricken from the record.[1]

---

[1] Plaintiff's motion is not entirely clear. If plaintiff is attempting to document his injuries to support his claim for damages in the instant action, he need not file a separate document at this time. He may include this information in any opposition to a substantive motion, and will be required to include it in his pretrial statement when ordered to do so at a later date. If, however, plaintiff is attempting to file information relevant to his motions for injunctive relief related to medical care at CSP-Lancaster, plaintiff should refrain from re-filing this motion in light of the May

1

1    Plaintiff has requested the appointment of counsel. The United States Supreme
2    Court has ruled that district courts lack authority to require counsel to represent indigent
3    prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
4    certain exceptional circumstances, the court may request the voluntary assistance of counsel
5    pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
6    Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
7    does not find the required exceptional circumstances. Therefore, plaintiff's request for the
8    appointment of counsel is denied.

9    Plaintiff also filed a request for a copy of the court's docket sheet. The Clerk's
10   Office does not provide copies of documents to parties. Copies of documents may be obtained
11   from Attorney's Diversified Services (ADS): 1424 21st Street, Sacramento, CA 95814. Their
12   phone number is 916-441-4396. The court will provide copies of the docket sheet at $0.50 per
13   page. Checks in the exact amount are made payable to "Clerk, USDC." In Forma Pauperis status
14   does not include the cost of copies. Plaintiff's request will be denied.

15   Attached to the request for a docket sheet were copies of plaintiff's
16   correspondence with opposing counsel concerning discovery. Plaintiff is informed that court
17   permission is not necessary for discovery requests and that discovery requests, responses, or
18   correspondence concerning discovery should not be filed until such time as a party becomes
19   dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil
20   Procedure. Discovery requests between the parties shall not be filed with the court unless, and
21   until, they are at issue. The attached correspondence will be disregarded.

22   Accordingly, IT IS HEREBY ORDERED that:
23   1. Plaintiff's May 21, 2010 motion is stricken. (Dkt. No. 63.)

---

25   11, 2010 findings and recommendations. Plaintiff was informed that any allegations concerning
     medical care at CSP-Lancaster must be filed in a new action in the venue where the allegedly
26   unconstitutional medical treatment occurred or where the proper defendants reside. (Id. at 5.)

2. Plaintiff's May 21, 2010 request for the appointment of counsel is denied. (Dkt. No. 62.)

3. Plaintiff's May 2010 request for copies is denied, and the attached correspondence concerning discovery is disregarded. (Dkt. No. 64.)

DATED: May 26, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn0117.31

3