IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

    Plaintiff,                      No. 2:09-cv-0117 WBS KJN P

    vs.

SACRAMENTO COUNTY SHERIFF, et al.,

    Defendant.                 FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. Plaintiff has renewed his motion concerning restricted access to his legal materials at California State Prison-L.A. County (LAC), where he is currently housed. (Dkt. No. 79.) Plaintiff seeks return of his "legal property, books, goods, [chattels] and documents as well as archive storage to allow access to other needed material." (Id.)

        Plaintiff's motion effectively seeks a temporary restraining order, a preliminary injunction, or both. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a

1

fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A plaintiff cannot, as a general matter, seek injunctive relief in a case against parties who are not named as defendants in that case.  "Unrelated claims against different defendants belong in different suits[.]"  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).

A claim that prison officials are denying an inmate access to his legal materials

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions")(citations omitted).

could, if proven, justify an order in furtherance of the court's ability to adjudicate a particular case. An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). An inmate is also entitled to adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Bounds, 430 U.S. at 824-25.

A prisoner claiming that his right of access to the courts has been violated must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. To prevail, however, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).

The plaintiff in this case has failed to demonstrate that he has been prejudiced by any restricted access to his materials or that any of the relief he presently seeks is essential to preserve the status quo in the underlying action. The docket provides ample evidence that plaintiff is not being unreasonably denied access to the court. Between August and September, plaintiff filed four separate motions, along with a 156 page proposed second amended complaint. He has previously filed many other motions in this case and a ten-page opposition to defendants' motion to dismiss, on which he prevailed. Every indication is that plaintiff has been able to prosecute his case zealously. Plaintiff thus does not demonstrate that in the absence of preliminary relief he will imminently suffer irreparable harm, either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). Rather, a presently

1   existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith
2   Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d
3   1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, 844 F.2d
4   at 674.

    For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to any preliminary relief regarding his access to legal materials.  Therefore, plaintiff's September 16, 2010 motion should be denied without prejudice.  (Dkt. No. 79.)

    IT IS HEREBY RECOMMENDED that plaintiff's September 16, 2010 motion for injunctive relief concerning access to legal materials (dkt. No. 79) be denied without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-one days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn0117.tro2