IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

Plaintiff, No. 2:09-cv-0117 WBS KJN P

vs.

SACRAMENTO COUNTY JAIL, et al.,

Defendants. ORDER

_____________________________/

This civil rights action is proceeding on plaintiff's April 20, 2009 amended complaint alleging deputies in the Sacramento County Jail used excessive force on plaintiff while searching plaintiff for contraband during "sergeant's court" on January 19, 2005. (Dkt. No. 18.)

I. Motion to Amend

On August 23, 2010, plaintiff filed a motion to file a second amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, accompanied by a proposed second amended complaint, and a request for appointment of counsel.[1] Defendants oppose the motion, arguing plaintiff has failed to show good cause as required by Rule 16(b)(4) of the

[1] On January 28, 2009, plaintiff's original complaint was dismissed and plaintiff was granted leave to file an amended complaint. Plaintiff filed an amended complaint on April 20, 2009. On February 4, 2010, plaintiff filed a motion for leave to amend. On February 25, 2010, plaintiff's motion to amend was denied.

Federal Rules of Civil Procedure. Defendants contend Rule 16 applies because the court has issued a scheduling order in this case.

A. Standards for a Motion to Amend

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The scheduling order in this case was filed on May 11, 2010. (Dkt. No. 61.) Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a). See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b). Johnson, 975 F.2d at 606-07. The "good cause" standard "focuses on the diligence of the party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification. Johnson, 975 F.2d 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. However, the district court is given broad discretion under Rule 16. Id. at 607.

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. Id.

B. Application

In the instant motion, plaintiff has failed to address good cause or diligence. Rather, plaintiff's states only that the "second amended complaint establishes names, dates and incidents wherein amending his first complaint would serve the interests of justice." (Dkt. No. 74 at 1.) However, review of the proposed second amended complaint reveals plaintiff is attempting to add 32 new defendants, and allegations concerning nine different incidents during 2005, unrelated to the alleged excessive force incident at issue here. Plaintiff has not included any allegations concerning an alleged use of excessive force on January 19, 2005, which was the date of incident alleged in plaintiff's April 20, 2009 amended complaint, and reaffirmed in plaintiff's declaration filed February 4, 2010 ("To the best of plaintiff's recollection the events occurred on or about January 19, 2005.") (Dkt. No. 39 at 3.) Plaintiff has failed to demonstrate his diligence in bringing these stale claims involving incidents that occurred in 2005, over five years later. Therefore, plaintiff's motion should be denied under Rule 16(b) of the Federal Rules of Civil Procedure.

////

Alternatively, analyzing plaintiff's motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff's motion should also be denied. Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (citation omitted).

First, the 32 defendants plaintiff seeks to add would be prejudiced if the court allowed plaintiff to add them as defendants at this late date, particularly because plaintiff has not associated any of these defendants with the events of January 19, 2005. The appearing defendants would also be prejudiced by the delay such an amendment would cause. The addition of nine unrelated claims would also prejudice the defendants. Second, while it does not appear plaintiff necessarily is acting in bad faith in bringing this second amended complaint, plaintiff has failed to explain his lack of diligence in bringing the motion. Third, allowing plaintiff to file the proposed second amended complaint, adding 32 new defendants and nine new claims, would certainly delay the litigation and would unnecessarily complicate it as well. At present, this case is proceeding on one incident of alleged excessive force that occurred on January 19, 2005. Finally, allowing plaintiff to file the proposed second amended complaint would be futile. As noted by defendants, the second amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 78 at 6.) Also, plaintiff seeks to improperly join unrelated incidents spanning July 7, May 31, April 15, April 11, April 8, April 4, March 21, March 1, and February 28 of 2005, against multiple defendants, involving different legal issues, in violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The proposed new claims are also futile because they are now time-barred. California law determines the applicable statute of limitations in this § 1983 action. See Wilson v. Garcia, 471 U.S. 261 (1985). Until December 31, 2002, the applicable state limitations period

was one year. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3); see also Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[2] Effective January 1, 2003, the applicable California statute of limitations was extended to two years. See Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1). California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[3] Therefore, the 2005 claims should have been brought in 2009. All of the new claims alleged in the proposed second amended complaint occurred over five years ago, and are now time-barred. Robinson v. City of San Bernardino Police Dep't, 992 F.Supp. 1198, 1209 (C.D. Cal. 1998) ("Since the plaintiff did not seek to amend his complaint to add a new claim and to join the new parties until . . . after the tolled statute of limitations had run, his amended complaint is barred by the statute of limitations.") Because the new claims are time-barred, plaintiff's motion to amend to add those claims is futile. Accordingly, plaintiff's motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure should also be denied.

C. Conclusion

In light of the above, plaintiff's motion to amend (dkt. no. 74) will be denied. Fed. R. Civ. P. 16(b); 15(a).

II. Date of Sergeant's Court Incident At Issue Here

Defendants claim that the proposed second amended complaint appears to allege that the incident involving sergeant's court, the alleged excessive force incident at issue in plaintiff's April 20, 2009 amended complaint, actually occurred on April 8, 2005. In light of

---

[2] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " Id. (citations omitted).

[3] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, at 927 n.5 (citations omitted).

plaintiff's declaration filed February 4, 2010 ("To the best of plaintiff's recollection the events occurred on or about January 19, 2005.") (dkt. no. 39 at 3.), this court is reluctant to concur.

This action was initially filed on December 16, 2008. By now, plaintiff or defendants must have some documentation confirming the actual date of the alleged excessive force incident that took place during "sergeant's court" at the Sacramento County Jail. Until a party confirms otherwise, this action is proceeding on plaintiff's claim that on January 19, 2005, defendants allegedly used excessive force on plaintiff during sergeant's court. (Dkt. No. 18; 39.)

III. Request for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's request for the appointment of counsel is denied.

IV. Motion to Add Exhibit G

On August 30, 2010, plaintiff filed a motion to add Exhibit G to his proposed second amended complaint. Good cause appearing, plaintiff's motion is granted. The court has considered Exhibit G in reviewing the second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 23, 2010 motion to amend (dkt. no. 74) is denied.

2. Plaintiff's August 23, 2010 request for appointment of counsel (dkt. no. 74) is denied.

////

////

////

3. Plaintiff's August 30, 2010 motion to add exhibit (dkt. no. 77) is granted.

DATED: October 21, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn0117.mta