IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

    Plaintiff,                              No. 2:09-cv-0117 WBS KJN P

    vs.

SACRAMENTO COUNTY JAIL, et al.,

    Defendants.                          <u>ORDER</u>

          Plaintiff is a state prisoner proceeding without counsel.  On December 1, 2010, plaintiff filed a motion for extension of time to file opposition to defendants' pending motion for summary judgment.  Plaintiff also asks for additional time to pursue discovery.  Pursuant to this court's May 11, 2010 scheduling order, discovery closed September 7, 2010.

          However, on November 1, 2010, plaintiff filed a motion for an order requiring Lancaster State Prison, where plaintiff is presently housed, to give plaintiff access to his legal materials.  (Dkt. No. 82.)  Plaintiff claims he has not been provided his legal materials since July of 2010.  Plaintiff declares under penalty of perjury that officials at Lancaster have taken all of plaintiff's legal materials, pens and pencils, and are not providing him envelopes for legal mail.

          In addition, on September 16, 2010, plaintiff filed a motion for access to his legal materials to which he appended a copy of his inmate appeal concerning that deprivation.  (Dkt.

1

No. 79.)  As of the date of mailing, plaintiff had not received a response to his appeal.  (Id.)

This court is aware that plaintiff is presently housed in administrative segregation which limits plaintiff's access to his property and the law library.  However, there are procedures in place for plaintiff to obtain access to his legal materials and obtain legal research.  Plaintiff has provided evidence that he has completed an administrative segregation personal property request.  (Dkt. No. 82 at 3-4.)  Plaintiff has also provided a copy of a note from Correctional Officer Davenport that reads:

> Mr. Turner
>
> Your [sic] supposed to get one pull while in Ad Seg.  I have documentation that you got pulls on 11-20-09 - 11-30-09 - 7-13-10 and 7-6-10.  Your [sic] Done.
>
> C/O Davenport
> 9-22-10

(Dkt. No. 82 at 5.)  While this court understands the necessity of regulating prisoners' access to property, prisoners "must be ensured meaningful access to the courts."  Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (citations omitted).  This court cannot rule on defendants' motion for summary judgment unless and until plaintiff has sufficient access to his legal materials to prepare an opposition.  Defendants are represented by private counsel; the Office of the Attorney General has not appeared herein.

Accordingly, defendants will be directed to contact the Litigation Coordinator at Lancaster State Prison to inquire regarding Correctional Officer Davenport's September 22, 2010 note to plaintiff, and plaintiff's access to his legal materials and other items necessary to prepare an opposition to the pending motion for summary judgment.  Specifically, defendants shall obtain declarations addressing plaintiff's motions (dkt. nos. 79 & 82), Correctional Officer Davenport's note, and plaintiff's access to his legal materials, if any, from July 14, 2010, to the present.  The court will postpone ruling on plaintiff's December 1, 2010 motion under Rule 56(f) of the Federal Rules of Civil Procedure pending receipt of defendants' response.

1        Good cause appearing, IT IS HEREBY ORDERED that counsel for defendants
shall forthwith contact the Litigation Coordinator at Lancaster State Prison and obtain
declarations addressing the following:

    1. Plaintiff's motions for access to his legal materials (dkt. nos. 79 & 82);

    2. Correctional Officer Davenport's note, set forth above; and

    3. Plaintiff's access to his legal materials, if any, from May 11, 2010, to the present.

Thirty days from the date of this order counsel for defendants shall file a response to plaintiff's motions (dkt. nos. 79 & 82), including the pertinent declarations.

DATED: December 14, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn0117.36

3